**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**JUL 9 2002**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

JOSE PEREZ SIERRA,

      Petitioner - Appellant,

v.

ELVIS HIGHTOWER; THE
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA; STATE OF
OKLAHOMA,

      Respondents - Appellees.

No. 02-6054
(D.C. No. 01-CV-605-A)
(W.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

Jose Perez Sierra was convicted of trafficking in illegal drugs after

conviction of two or more felonies in Oklahoma state court in 1994 and sentenced

to 200 years' imprisonment and a $100,000 fine. In his present habeas petition,

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Sierra asserts five grounds for relief: (1) the allegedly false testimony of a witness against him, (2) the admission of certain evidence during state post-conviction proceedings, (3) the failure of the state district court to address certain issues during state post-conviction proceedings, (4) the discussion by the state trial court of certain issues during state post-conviction proceedings, and (5) ineffective assistance of counsel during a state post-conviction evidentiary hearing.

The district court denied relief on the first ground based on its conclusion that the issue was untimely asserted under the applicable one-year statute of limitations. We grant a certificate of appealability (COA) on the first ground but affirm the denial of relief because our consideration of this difficult issue is precluded by the state court's dismissal of the claim on adequate and independent state procedural grounds, namely Sierra's failure to include a copy of the trial court's order with his post-conviction appeal. See Duvall v. Reynolds, 139 F.3d 768, 797 (10th Cir. 1998) (holding that Oklahoma's rule mandating dismissal of an appeal for failure to include a copy of the decision below is an adequate and independent state procedural ground).

The district court also denied relief on the second through fifth grounds, concluding that these issues were procedurally defaulted and that Sierra failed to challenge the magistrate judge's conclusion that these issues were not cognizable

on federal habeas review.  As to the second through fifth issues, we deny a COA and dismiss the appeal substantially for the reasons given by the district court.

## CONCLUSION

Sierra's motion to proceed in forma pauperis is GRANTED.  Sierra's motion for a COA is GRANTED PART and DENIED IN PART.  As to the issue on which COA is granted, the district court's judgment is AFFIRMED.  As to the issues on which COA is denied, the appeal is DISMISSED.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge